UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAM GRADEN,<br><br>    Petitioner,<br><br>  v.<br><br>ELDON VAIL, ROB MCKENNA AND<br>WARDEN F. E. FIGUEROA,<br><br>    Respondents. | Case No. C08-5025 RBL/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 22, 2008** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Adam Graden filed this action under 28 U.S.C. § 2254, challenging his 2005 plea and sentence. (Dkts. # 1 and 8[1]). Respondent filed an answer (Dkt. # 18), arguing, *inter alia*, that Mr. Graden's federal habeas corpus petition is time-barred based on 28 U.S.C. § 2244(d).

After careful review of the parties' submissions, the state court record and exhibits submitted by Respondents (Dkt. # 19, Exhibits 1-11), and the balance of the record, the undersigned agrees that Mr. Graden's petition is untimely.

---

[1] The habeas petition is filed at Dkt. # 1, an amended first page with the properly named Respondents is filed at Dkt. # 8.

REPORT AND RECOMMENDATION
Page - 1

# I. STATEMENT OF THE CASE

Mr. Graden is in state custody and confined at the North Fork Corrections Center in Sayre, Oklahoma. (Dkt. # 1). One June 3, 2005, Mr. Graden plead guilty to one count of first degree burglary, one count of theft of a firearm, and one count of unlawful possession of payment instruments. (Dkt. # 19, Exh. 1). On June 20, 2005, the trial court sentenced Mr. Graden to 100 months in prison and 18-36 months of community custody. *Id.*, Exh. 2.

**A.     State Court Procedural History**

Mr. Graden's judgment and sentence was entered on June 20, 2005. *Id.*, Exh. 2. On June 19, 2006, Mr. Graden filed a personal restraint petition with the Washington State Supreme Court. *Id.*, Exh. 4. On September 1, 2006 the Washington State Supreme Court transferred the Personal Restraint Petition to the Court of Appeals, Division II. *Id.*, Exh. 5. On April 19, 2007, a three judge panel entered an order that dismissed Mr. Graden's personal restraint petition, but remanded the case back to the Superior Court for purposes of correcting a clerical error in the judgment and sentence. *Id.*, Exh. 6.

On May 2, 2007, Mr. Graden signed a motion for discretionary review of the Court of Appeals' decision dismissing his personal restraint petition. *Id.*, Exh. 7. On July 24, 2007, the Commissioner of the Washington Supreme Court entered a ruling denying review. *Id.*, Exh. 8. Mr. Graden sought modification of the Commissioner's ruling. *Id.*, Exh. 9. On October 2, 2007 the Washington State Supreme Court denied Mr. Graden's motion to modify. *Id.*, Exh. 10.

**B.     Federal Court Proceedings**

On December 31, 2007, Mr. Graden filed his petition for writ of habeas corpus in this Court, seeking the following grounds for relief:

> 1)     Whether Petitioner was deprived of his Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process where counsel erroneously informed petitioner that his current sentence would be served concurrently with a prior conviction?

2) Whether Petitioner was deprived of effective assistance of counsel where counsel failed to (1) investigate the circumstances of a coerced consent search, and (2) move for suppression of the tainted evidence?

3) Whether Petitioner's Alford plea was voluntary and knowingly made where the documents associated with the conviction indicate a maximum sentence of ten-years, and the State Court changed that maximum sentence to life?

4) Whether Petitioner's base sentence in combination with his community custody/placement term exceeds the top-end of the standard range implicating due process protections?

(Dkt. # 2, p. 11).

## II. EXHAUSTION OF STATE REMEDIES

Respondent concedes that Mr. Graden has exhausted his habeas corpus claims pursuant to 28 U.S.C. § 2254(b)(2), by presenting them as federal constitutional violations to the Washington Supreme Court. (Dkt. # 19, Exh. 7).

## III. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 114 S. Ct. 2125 (1994).

The question of whether Mr. Graden filed his petition within the one-year federal statute of limitations is a purely legal one that may be resolved by reference to the record before this court. Accordingly, an evidentiary hearing is not required.

## IV. DISCUSSION

**A.    The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).   For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997.  *Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

( C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order

REPORT AND RECOMMENDATION
Page - 4

denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

It is Mr. Graden's position that the statute did not start running until April 23, 2008, when the state court corrected his sentence. (Dkt. # 23, p. 5).[2] Mr. Graden argues that his sentence cannot be considered "final" for AEDPA purposes until he was resentenced. Mr. Graden is correct that the one-year time bar usually begins to run after entry of an *amended* judgment. *See, e.g., Burton v. Stewart*, 127 S.Ct. 793 (2007). The record in this case reflects, however, that Mr. Graden was not re-sentenced. His judgment was merely remanded for correction of a clerical error. On April 19, 2007, the Washington Court of Appeals remanded "solely to correct the clerical mistake in section 2.3 of the judgment," (Dkt. # 19, Exh. 6):

> Petitioner's judgment lists a maximum of ten years for his first degree burglary conviction. Petitioner urges that this proves that his sentence exceeds the maximum, making his judgment invalid. Petitioner also claims that his guilty plea documents recite the same ten year maximum, making his guilty plea involuntary.
>
> As noted above, first degree burglary has a maximum of life imprisonment. The reference in the judgment to a ten year maximum is an error. But all of the other documents related to Petitioner's judgment reveal that the parties knew and understood the maximum to be life imprisonment, not 10 years. The second amended information, to which Petitioner pleaded guilty, lists "[l]ife imprisonment" as the maximum. The incorrect maximum of 10 years is typed into the State's

---

[2]Mr. Graden also references an Appendix A, which was not attached to his traverse.

REPORT AND RECOMMENDATION
Page - 5

written offer ("Plea Agreement"), but the parties crossed out that maximum and interlineated the correct maximum of "life." Similarly, Petitioner's guilty plea statement originally listed the incorrect maximum, but Petitioner's lawyer corrected it so that it warned Petitioner of the maximum of "life."

The incorrect reference to a ten year maximum in the judgment is merely a clerical error. The State prepared the proposed judgment, and obviously based it on the Plea Agreement form. The same error regarding the maximum that appeared in the Plea Agreement appears in the judgment and sentence; it simply wasn't corrected in the judgment as it was in the Plea Agreement. All the parties knew the maximum to be life imprisonment. The remedy for this clerical error is neither reduction of Petitioner's first degree burglary sentence nor resentencing but instead remand to the sentencing court for simple correction of the scrivener's error. *See In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005); CrR 7.8(a). . . .

Finality of a criminal judgment is normally defined by imposition of the sentence. *See, e.g., Flynt v. Ohio*, 451 U.S. 619, 620 (1981). On remand, the Supreme Court was not being asked to reweigh sentencing factors to come to an independent or different decision but merely to correct a clerical mistake made in reference to the maximum sentence sentence applicable to the crime. Mr. Graden's sentence remained unchanged.

Thus, Mr. Graden's judgment became "final" for § 2244(d) purposes no later than June 20, 2005, the date he was sentenced following his guilty plea to the three crimes. *See* Exhibit 2; *see also* 28 US.C. § 2244(d)(1)A). The one-year statute in this case began to run when Mr. Graden was sentenced on June 20, 2005. (Dkt. # 19, Exh. 2). The statute continued to run until Mr. Graden filed his personal restraint petition on June 19, 2006. *Id*., Exh. 4. At that time, 364 days had elapsed. The statute of limitations was tolled from the time Mr. Graden filed his personal restraint petition (June 19, 2006), until the Washington Supreme Court issued its order denying Mr. Graden's motion to modify the Commissioner's ruling (October 2, 2007). *Id*., Exh. 10; *See* 28 U.S.C. § 2244(d).

On October 2, 2007, the statute of limitations began to run again. Mr. Graden did not file his petition in this Court until December 31, 2007. Between October 2, 2007 and December 31,

REPORT AND RECOMMENDATION
Page - 6

2007, an additional eighty-nine days ran. Thus, from the date the trial court's judgment became final and the date that Mr. Graden filed his habeas petition, four hundred fifty-three days have passed.

Because Mr. Graden's federal petition was filed more than one year after his judgment became final, it is untimely under 28 U.S.C. § 2244(d) unless he is entitled to either statutory or equitable tolling of the statute of limitations.

**B.      Equitable Tolling**

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

There are no grounds for equitable tolling in this case. There is no evidence of conduct by the Respondents that impeded Mr. Graden's ability to prepare and file his federal petition in a prompt fashion. There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of claims preventing Mr. Graden from filing his habeas petition in a prompt fashion.

Accordingly, Mr. Graden's federal habeas petition is barred and must be dismissed under 28 U.S.C. § 2244(d) .

# V. CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH**

REPORT AND RECOMMENDATION
Page - 7

**PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 22, 2008,** as noted in the caption.

Dated this  8th   day of August, 2008.

Karen L. Strombom
United States Magistrate Judge